IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| WILLIAM LEE TURNER § | |
| VS. § | CIVIL ACTION NO. 1:03cv539 |
| R.D. MILES § | |

MEMORANDUM OPINION

Petitioner William Lee Turner, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner asserts he was denied due process of law in connection with a prison disciplinary conviction. The court appointed counsel to represent petitioner and conducted an evidentiary hearing in this matter.[1]

Factual Background

On June 8, 2001, petitioner received Incident Report 890971, which alleged petitioner had attempted to introduce marijuana into his prison unit. This Incident Report was subsequently withdrawn at the request of Discipline Hearing Officer ("DHO") Richard Kamm. DHO Kamm asked that the Incident Report be deleted and rewritten because he did not believe the report provided sufficient information to support the charge.

On August 6, 2001, petitioner received Incident Report 907903. This report, which involved the same incident, alleged

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have agreed to proceed before a United States Magistrate Judge.

that on October 30, 2000, an officer observed an orange balloon fall from under the shirt of a person visiting petitioner. The officer retrieved the balloon. A green leafy substance which tested positive for marijuana was inside the balloon.

On August 8, 2001, petitioner appeared before the Unit Discipline Committee ("UDC") and stated he was not guilty of the offense charged. The matter was referred to DHO Kamm who found petitioner guilty of the offense charged. As a result of the conviction, petitioner was sentenced to 60 days in disciplinary segregation and required to forfeit 54 days of good conduct time. A disciplinary transfer was also recommended. Petitioner subsequently exhausted his administrative appeals.

## Grounds for Review

Petitioner asserts the following grounds for review: (a) he did not receive a copy of the rewritten incident report; (b) no formal disciplinary hearing was held concerning his offense;[2] (c) the DHO falsified his findings when he described a statement made by petitioner during the hearing; (d) he was not permitted to appear before the Unit Discipline Committee and (e) he was not allowed to request a staff representative.

## Description of Evidence

In his written report, Mr. Kamm described the evidence he based his finding of guilty upon as follows:

---

[2] In his written pleading, petitioner contended he was not permitted to attend his disciplinary hearing. At the evidentiary hearing, however, it became apparent that rather than contending a hearing had been held in his absence, petitioner was contending that no formal hearing was ever held.

> The reporting officer stated at approximately 10:00 a.m. on August 6, 2001, an SIS investigation was completed which determined you attempted to introduce marijuana to FCI El Reno at approximately 2:45 p.m. on October 30, 2002. When your visitor stood up the Visiting Room Officer observed an orange balloon fall from under her shirt to the floor. The Officer immediately retrieved the balloon, maintaining total custody. The balloon contained a green leafy substance which tested positive for marijuana using an NIK test kit "E". The DHO finds you did not requested [sic] staff representation and declined to call any witnesses in defense of this charge. The DHO considered your statement, "I had nothing to do with this I saw it fall to the floor too. My wife is a large lady and she was not facing the direction the balloon fell. That had nothing to do with us." Although you claim you had nothing to do with this and it did not come from your wife, the DHO finds the officer observed the balloon fall from under her shirt to the floor from where he secured it. The Officer is a seasoned professional and has no reason to fabricate his observations against you. The DHO believes, based on the content of the report coupled with the evidence presented, the incident report to be factual.

## Analysis

Prison inmates who lose good conduct time credits as a result of prison disciplinary convictions are entitled to the procedural due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). As petitioner was deprived of good conduct time credits as a result of the disciplinary conviction complained of, he was thus entitled to: (1) written notice of the charges against him at least 24 hours before the hearing; (2) a written statement of the fact-finder as to the evidence relied on and the reason for the disciplinary action and (3) the opportunity to call witnesses and present documentary evidence in his defense. *Wolff*, 418 U.S. at 563-66.

3

*Failure to Receive Copy of Rewritten Incident Report*

As described above, the initial incident report written against petitioner was dismissed.  In his written pleadings, petitioner stated he did not receive a copy of the second incident report prior to appearing before DHO Kamm.  However, during the evidentiary hearing, petitioner stated he received a copy of the second incident report during his appearance before the UDC.  As this appearance occurred more than 24 hours prior to petitioner's appearance before DHO Kamm, petitioner received sufficient notice of the second incident report.

*Failure to Hold Formal Hearing*

Both Petitioner and DHO Kamm testified at the evidentiary hearing.  They agree that after the first incident report was written petitioner appeared before DHO Kamm.  They also agree that Mr. Phemister was present and that he and DHO Kamm talked privately.  DHO Kamm testified that Mr. Phemister informed him that the United States Attorney did not intend to file a criminal charge concerning the matter.  He testified he then returned the incident report to Lt. Phemister and told him, "You need to do something with this because it is not going any further the way it is."

The incident report was subsequently rewritten.  DHO Kamm and petitioner agree that petitioner subsequently appeared before DHO Kamm on three or four occasions.  On the first occasion, petitioner asked DHO Kamm to watch the videotape made concerning the incident in the visiting room.  DHO Kamm said he would do so.

4

On the second occasion, DHO Kamm stated that the tape could not be located, but that officials would continue to search for it.  Petitioner and DHO Kamm agree that during the final occasion on which petitioner was brought before him, DHO Kamm did not say whether he was going to find petitioner guilty of the offense charged.  However, DHO Kamm states he told petitioner that he would receive a written copy of the report if he was found guilty.

DHO Kamm testified that on each occasion, he informed petitioner that he was conducting a hearing on the introduction of marijuana charge.  He states that at the end of all sessions other than the final one, he told petitioner that he would see him later as soon as he could find out additional information concerning the charges.  Petitioner admits that the sessions were "like a hearing," but states DHO Kamm never concluded one of the session by stating he was going to find petitioner guilty of the offense charged.

The court considers the testimony of DHO Kamm to be credible.  Accordingly, the court finds that on each occasion petitioner was brought before Mr. Kamm, he was informed that the session was part of the disciplinary hearing concerning the introduction of marijuana charge.  Based on this, it must be concluded that disciplinary hearings were conducted concerning petitioner's disciplinary offense and that petitioner was per-

mitted to attend the hearings. This ground for review is therefore without merit.[3]

*Falsification of Findings*

As set forth above, in his findings DHO Kamm describes petitioner as having made the following statement: "I had nothing to do with this I saw it fall to the floor too." Petitioner states DHO Kamm falsified his findings because he never made the quoted statement.

Even if it is assumed petitioner never made the quoted statement, it cannot be concluded petitioner suffered any prejudice as a result of DHO Kamm's use of the quoted statement. Petitioner's testimony at the evidentiary hearing established that his position is that neither he nor his wife had any connection with the balloon. As the quoted statement correctly set forth petitioner's position on the matter, he suffered no prejudice as a result of the quoted statement being included in the findings.

*Failure to Allow Petitioner to Attend UDC Hearing*

In his written pleadings, petitioner contended he was not permitted to appear before the UDC concerning the second incident report. However, during the evidentiary hearing, petitioner

---

[3] Even if it could not be concluded that Mr. Kamm announced that each session was part of a disciplinary hearing, petitioner would still not be entitled to relief. Based solely on his own testimony, it is clear petitioner was given the opportunity to appear before Mr. Kamm and present his version of the events in question. Petitioner has not described any additional information he would have brought to Mr. Kamm's attention if a more formal hearing had been conducted. Accordingly, even if it could be concluded Mr. Kamm erred by not conducting a more formal disciplinary hearing, petitioner has not demonstrated how he was prejudiced by not receiving a more formal hearing.

6

admitted he appeared before the UDC and stated that during such hearing he received a copy of the second incident report. As a result, this ground for review is without merit.

*Failure to Allow Petitioner to Have a Staff Representative*

The first incident report was written against petitioner by Mr. Johnson. At the disciplinary hearing held concerning the first incident report, petitioner asked DHO Kamm if Mr. Phemister could be his staff representative. At the time, Messrs. Johnson and Phemister comprised the office which investigated incidents occurring within the prison. As a member of this office, Mr. Phemister would normally not be allowed to act as an inmate's staff representative. However, DHO Kamm testified that he allowed Mr. Phemister to act as petitioner's staff representative because he was interested in what he had to say.

Mr. Johnson left the investigative office prior to the second incident report being written against petitioner. As a result, Mr. Phemister wrote the incident report against petitioner. Petitioner subsequently requested that Mr. Phemister act as his staff representative. DHO Kamm refused to allow this because Mr. Phemister had written the second incident report. Petitioner then stated he did not want a different staff representative.

As Mr. Phemister was the charging officer with respect to the second incident report, it cannot be concluded that DHO Kamm's refusal to permit him to act as petitioner's staff repre-

sentative was either unreasonable or resulted in a violation of petitioner's constitutional rights.  Petitioner acknowledges he was given an opportunity to request another staff representative, but failed to do so.  While petitioner was entitled to take such action, he cannot now complain about not having a staff representative.  Petitioner has not cited any judicial decision or institutional regulation which would entitle him to have the staff representative of his choice.

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus is without merit and will be denied.  A final judgment will be entered in accordance with this memorandum opinion.

**SIGNED** this __9__ day of _____February_____, 2006.


_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE